UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORETTA MAIER on Behalf of Himself and on Behalf of All Others Similarly Situated,<br>　　　Plaintiff,<br><br>v.<br><br>PRIVATE MINI STORAGE MANAGER, INC.,<br>　　　Defendant. | § § § § § § § § § § § | CIVIL ACTION NO. : 4:18-cv-991<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

### I.　　SUMMARY

1.　　Plaintiff Loretta Maier (hereinafter "Plaintiff") brings this lawsuit as a collective action against Defendant Private Mini Storage Manager, Inc. ("Defendant") for violating the Fair Labor Standards Act ("FLSA"). Plaintiff seeks to represent all similarly situated workers who were subject to the same illegal pay practices as Plaintiff.

2.　　Defendant operates a chain of storage warehouses and, until recently, a chain of RV campsites. At each of these facilities, Defendant employs property managers, such as Plaintiff Maier. Defendant fails to pay these property managers the minimum wage or overtime.

3.　　Defendant's compensation policies violate the FLSA which requires non-exempt employees, such as Plaintiff and the Class Members, be compensated at one and one-half times their true rate of pay for all hours worked over forty (40) in a workweek. Defendant owes its employees back pay, liquidated damages, attorneys' fees and court costs.

4.　　Defendant implemented the same pay policies for dozens of other workers. Therefore, Plaintiff sues on behalf of herself and all other similarly situated employees pursuant

1

to 29 U.S.C. § 216(b). She requests that the court authorize a notice to be sent to all similarly situated employees so that they can be informed of this action and to apprise them of their right to join this lawsuit.

## II. SUBJECT MATTER JURISDICTION AND VENUE

5. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events forming the basis of this action, including many of the wrongs herein alleged occurred in this District.

7. Defendant's corporate office is in this District.

## III. PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Loretta Maier is an individual currently residing in Fort Bend County, Texas. Her written consent to this action is attached hereto as Exhibit "A."

9. The Class Members are all of Defendant's current and former "property managers" who worked during any week in the three-year period prior to the filing of this lawsuit.

10. Defendant Private Mini Storage Manager, Inc. is a domestic corporation that may be served process through its registered agent Doug Mulvaney at 10575 Westoffice Drive, Houston, Texas 77042, or where ever he may be otherwise found.

11. Defendant does business throughout Texas, including this District.

## IV. FLSA COVERAGE

12. In an FLSA case, the following elements must be met: (1) the existence of an employment relationship; (2) that Plaintiff was engaged in commerce or employed by an enterprise

engaged in commerce; (3) that Defendant failed to pay Plaintiff overtime/minimum wage; and (4) that Plaintiff is owed the amount claimed by a just and reasonable inference. *See, e.g., Jones v. Willy, P.C.*, Civil Action No. H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

13. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA of both Plaintiff and the Class Members. 29 U.S.C. § 203(d).

14. "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-Trans Inc.,* 2012 WL 4103876 *2 (W.D. Tex., 2012), (citing *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage." *Alvarez*, 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.,* 603 F.2d 1122, 1124 (5th Cir.1979)).

15. "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex., 2012); *See also*, 29 U.S.C. § 207(a)(1); *See also Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (*"Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

16. Both the individual and enterprise coverage are applicable in this case.

3

17. First, with regards to individual coverage, the FLSA states that if the employee is "engaged in commerce or in the production of goods for commerce," individual coverage applies. 29 U.S.C. § 207(a)(1). "In determining whether an employee is engaged in interstate commerce within the meaning of the FLSA, the Fifth Circuit applies a 'practical test.'" *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 (E.D.Tex., 2011) (*citing Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007)). "Any regular contact, no matter how minimum, will result in coverage under the FLSA. *Id.* (*citing Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1124 (5th Cir. 1979)); (*See also*, *Sobrinio,* 474 F.3d at 829). "The employee's work must be "entwined with the continuous stream of interstate commerce.'" *Id.* (citing *Marshall,* 603 F.2d at 1125). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id.* (*citing,* 29 C.F.R. 776.10(b)).

18. At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

19. Here, Defendant employed Plaintiff and the Class Members as property managers. Plaintiff's and the Class Members' regular job duties consisted of serving customers and handling property that moved through interstate commerce.

20. Second, with regards to enterprise coverage, the FLSA states that it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle,* 2011 WL 2728350, *3, (citing, 29 U.S.C. § 203(s)(1)(A)).

4

21. Here, Defendant has had, and continue to have, an annual gross business volume in excess of the statutory minimum.

22. In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiffs, are property managers engaged in interstate commerce.  Further, Defendant itself engaged in interstate commerce because it orders supplies across state lines, conducts business deals with merchants across state lines, advertises on the internet with companies based in other states, processes customers' credit cards with banks in other states, and sells equipment that moved across state lines.

## V.   FACTS

23. Defendant Private Mini Storage Manager, Inc. currently operates a chain of storage warehouses throughout Texas.

24. Until recently, Defendant also operated a chain of RV campsites throughout Texas.

25. At both its storage warehouses and RV campsites, Defendant employs property managers such as Plaintiff Maier.

26. Plaintiff worked for Defendant as a property manager for nearly ten years ending in approximately July of 2017.

27. Property managers are required to live on site at Defendant's facilities.

28. Plaintiff Loretta Maier lives on Defendant's facilities.

29. The primary duties of the property managers are to clean the properties, show customers storage options, and perform basic administrative tasks such as answering the phones.

30. Defendant requires a property manager to be onsite during the operating hours of each of its facilities.

31. At the storage warehouse where Plaintiff worked, for example, Defendant set the hours of operation as 8:30 am to 6:30 pm Monday through Friday, 9:00 am to 5:00 pm on Saturday, and 10:00 am to 3:00 pm on Sunday.

32. In other words, Defendant required that Plaintiff be at her facility working for at least 63 hours a week.

33. Plaintiff often worked over forty hours a week due to the demands of the job and the hours of operation.

34. Property managers often worked over forty hours a week due to the demands of the job and the hours of operation.

35. Defendant also required Plaintiff to work more than this 63 hours a week because it required that she perform work at her storage facility outside the facility's open hours, such as additional cleaning, meeting customers after hours, answering the work phone, responding to work emails, and completing paperwork.

36. Defendant pays Plaintiff and its other property managers a flat weekly rate of less than $455 a week.

37. Defendant paid Plaintiff a flat weekly rate, for a portion of her employment, of $320.29. For her minimum work week of 63 hours, this equals $5.08 an hour, well less than the minimum wage.

38. In addition to the flat weekly rate, Defendant also, occasionally paid non-discretionary bonuses or commissions. These payments should have been included in the regular rate of Plaintiff and the other property managers for the purposes of calculating overtime.

39. Defendant did not pay overtime to Plaintiff or the other property managers.

40. Plaintiff and the Class Members are non-exempt employees.

41. Defendant did not pay Plaintiff or the Class Members a salary of at least $455 a week.

42. Plaintiff and the Class Members are not supervisory employees.

43. Plaintiff did not have authority to hire or fire other employees.

44. Defendant did not track Plaintiff's hours.

45. The Class Members do not have authority to hire or fire other employees.

## VI. COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all property managers employed by Defendant during any work week in the last three years.

47. Plaintiff has actual knowledge, through her own work experience and through interaction with his fellow property managers that a class of similarly situated workers exist who have been subjected to Defendant's policies of failing to pay overtime and the minimum wage.

48. Class Members are similarly situated to Plaintiff in that, at least during one work week in the relevant period, they worked overtime hours for Defendant without additional compensation being paid as required under the FLSA or worked at least one work week during the relevant period and were not paid the minimum wage.

49. Defendant's failure to pay overtime or the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

50. The experience of Plaintiff, with respect to her employment classification and pay, is typical of other property managers across Defendant's business.

51. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

52. Like Plaintiff, all Class Members are non-exempt workers entitled to receive overtime.

53. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

54. The names and addresses of the Class Members are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, a court authorized website, a job posting, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

55. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

56. The class of similarly situated employees is properly defined as follows:

**The Class Members are all property managers employed by Defendant during any work week during the three years prior to the initiation of this lawsuit.**

### VII.   CAUSE OF ACTION

**COUNT ONE
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)**

57. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

58. This cause of action arises from Defendant's violation of the FLSA for the failure to pay Plaintiff and Class Members overtime.

59. For each hour worked in excess of forty (40) each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rate of pay. 29 U.S.C. § 207.

60. By failing to pay overtime based on that formula, Defendant has violated and continues to violate the FLSA.

61. No exception contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in the position of Defendant to skirt its obligation to pay overtime to an employee similarly situated in the position of Plaintiff and Class Members.

62. Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

### COUNT TWO
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE
### (COLLECTIVE ACTION)

63. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

64. At all times relevant to this action, the FLSA required Defendant to pay at least $7.25 an hour for every hour its employees worked. 29 U.S.C. § 206(a).

65. As described herein, Defendant failed to pay Plaintiff and the Class Members the minimum wage for all hours worked.

66. Defendant's failure to pay the minimum wage to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not

9

violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

### VIII.    WAGE DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

67. Plaintiff and Class Members are entitled to recover their unpaid overtime premiums and unpaid minimum wage compensation for the three years preceding the filing of this complaint to the present.

68. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums and unpaid minimum wage compensation as liquidated damages.

69. Plaintiff is also entitled to recover his attorneys' fees and costs, as required by the FLSA.

### IX.    JURY DEMAND

70. Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

### X.    PRAYER FOR RELIEF

71. For these reasons, Plaintiff respectfully request that judgment be entered in favor of himself and the Class Members, awarding them:

   a. Overtime compensation for all hours worked in excess of forty (40) hours per week at the rate of one and one-half times their regular rates of pay;

   b. Unpaid minimum wages;

   c. An equal amount of their unpaid overtime premiums and unpaid minimum wages as liquidated damages, as allowed under the FLSA;

   d. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

   e. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

By: */s/ Beatriz Sosa-Morris*
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8812

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8830
Facsimile: (281) 885-8812