EXHIBIT TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## CIVIL ACTION NO. 4:18-CV-00991

# EXHIBIT I

## Employment Agreement

Private Mini Storage Manager, Inc., **("PMSM")**, and     **Scott Birdsell**          ("Employee") hereby Agree as follows:

**1. Employment.**     PMSM hereby employs Employee, and Employee accepts employment as co-unit manager of  PMSM self storage facilities located at     **11231 FM 1464**          , City of  **Richmond, 77407** County of  **Fort Bend**        , State of  **Texas**          .

**2. Duties.** Employee shall perform such duties as PMSM may require. Employee shall reside on the premises described above in an apartment provided by PMSM.

**3. Compensation.**     As compensation for services as co-unit manager, Employee shall receive a total of  $ 338.23  per week for all hours worked, a designated portion of which shall be the value of the apartment provided by PMSM. After taking into consideration the market value of similar housing in the vicinity, PMSM and the Employee hereby agree that     **$  69.00**  per week is the fair rental value of the apartment provided Employee in accordance with 29 C.F.R. 531.3. PMSM and the Employee understands that Employee will reside on PMSM's premises, but will not be working all the time that he/she is on the premises. PMSM and Employee contemplate that Employee will engage in normal private pursuits and have enough time for eating, sleeping, entertaining, and periods of complete freedom from all duties during much of the time that the mini-warehouse office is open. Because it is difficult to determine exact number of hours to be worked by Employee, PMSM and Employee have evaluated all of the pertinent facts surrounding Employee's work circumstances, and have decided that     **45**    hours per week is a reasonable estimate of hours Employee will work each week, considering both normal and abnormal or emergency situations. If circumstances change so that this agreement no longer reflects a fair estimate of the number of hours that Employee works, Employee agrees to immediately notify PMSM in writing of such changed conditions so that a new employment agreement, reflecting a fair and reasonable estimate of the number of hours Employee works per week may be negotiated.

**EXAMPLE:**

On a bi-weekly basis , Employee's pay will be as follows when Employee works the normal hourly schedule with the overtime being calculated as per a co-efficient table developed by the U.S. Department of Labor.

| | |
|---|---|
| Weekly wage: | $    320.29 |
| Overtime | $     17.94 |
| Total | $    338.23 |
| Less apartment value: | $    (69.00) |
| Cash wage one week period: | $    269.23 |
| Cash wage two week period: | $    538.46 |

**4. Observance of Rules.**     With respect to the operation of the storage facility, Employee hereby agree's to abide by all rules, regulations, and conditions as set forth in the Office Standardization Manual and Prerequisite Checklist For Employment furnished to Employee by PMSM, as well as any amendments or supplements made thereto.

**5. Protection of Private Mini Storage Property**     Employee understands that all Private Mini Storage manuals are copyrighted and at all times remain the property of PMSM. Employee will not copy, nor permit anyone to copy such manuals, or any part thereof, or any customer list. Books or records of PMSM are property of PMSM and subject to the same restrictions.

### Employment Agreement

**6. Termination of Employment**   The employment of Employee by PMSM may be terminated by PMSM, or by Employee, for any reason whatsoever. Upon termination of Employee's employment hereunder, for any reason whatsoever, Employee agrees to return the Operations Manual; all customer lists, books, records, keys and property of all kinds whatsoever belonging to PMSM which are in Employee's control. At the time of such termination, Employee agrees to vacate and surrender possession of company provided living quarters, and any storage spaces occupied by Employee **(all of the foregoing being referred to as the "Employee's Areas")** and remove all of Employee's personal effects therefrom, and deliver the keys to PMSM within (5) days from the date of termination of employment as herein provided. PMSM shall have the right to change the locks on any rental office immediately upon termination of Employee's employment and shall have the right to change the locks on the Employee's Areas five (5) days following such termination. At the time of such termination, a representative of PMSM shall inspect the Employee's Areas to determine whether any loss or damage has occurred. A representative of PMSM shall also audit the petty cash, cash on hand and moving aids inventory. PMSM shall notify Employee of the time of such audit and Employee shall have the right to be present during such audit.  Employee hereby authorizes PMSM to withhold the following amounts from Employee's remaining paychecks: (1) any damage to the Employee's Areas; (2) any shortages revealed in the audit of the cash and moving aids; and (3) any other amounts owed by Employee to PMSM.  In the event Employee does not surrender possession of the Employee's Areas after termination of employment, PMSM shall have the right, at its election, to re-enter the Employee's Areas, as may be necessary, in PMSM's discretion, to remove all persons and chattels therefrom, and PMSM shall not be liable for any damage or loss by reason of such reentry. Or, PMSM may, in its sole discretion, file an action for forcible entry and detainer or other available summary procedure to remove Employee from the Employee's Areas, in which event Employee agrees to pay all costs  and attorney's fees incurred by PMSM in connection therewith. In the event PMSM takes possession of the Employee's Areas under the authority herein set forth, all claims and damages by reason of any such re-entry shall be without prejudice to any other remedy of PMSM. After retaking possession of the Employee's Areas, PMSM may, but will not be obligated to place all of Employee's goods and other possessions in storage at Employee's expense.  The foregoing takes into consideration all of the pertinent facts and is expressly recognized as an agreement between PMSM and Employee pursuant to 29 C.F.R. 785.23.

**7.  No Representations.  Except as set forth below, Employee hereby acknowledges that he/she has not received any promises or representations of any transfer or relocation to a different location or to a geographic area.**

**8.  This Employment Agreement supercedes all prior or contemporaneous agreements between the parties, including the Employment Agreement by and between Private Mini Storage Manager, Inc. and Employee.**

**(Employee writes in any representations or promises.  If none, write "None".)**

_____

_____
**Scott Birdsell**
**Property Manager Endorsement**

_4-23-15_
**Date**

_____              _____
**Morgan Smith**                                   **Morgan Smith**
**District Manager**                             **General Manager**

_4/23/15_                                              _4/23/15_
**Date**                                                    **Date**

_____
Sunday, April 26, 2015
**Effective Date**

PMSM000832